No. 376

NAFTZGER et v. STATE

Ohio Appeals, 9th Dist., Wayne Co.

No. 826. Decided Feb. 15, 1927

93. APPROPRIATION PROCEEDINGS — 1. Evidence of actual sales of other lands and prices for which they were sold, is competent if they are similar in their situation, relative position and other circumstances relating to value, and such sales are fair and open in the market.

2. Sales of other property to the condemning party being affected by an element which does not enter into similar transactions made in the ordinary course of business, are not competent.

First Publication of this Opinion

WASHBURN, P. J.

This proceeding in error is for the review of a judgment of the Wayne Probate Court in an action brought by the State to appropriate the property of Katie Naftzger et al. for the establishment of a public institution of the state.

This sole question for determination by the jury was the fair market value of the property taken. The Court of Appeals held:

1. The court erred in charging that the compensation due to the defendant was the "fair cash market value" of the land and in admitting testimony of its cash market value.

2. The court also erred in permitting the state to ask defendant's witnesses for the defendants, on cross-examination, if they did not know that within the past year a large number of farms in the vicinity of defendant's land had been sold at "an average price of $116.00 per acre."

3. The average price obtained in sales in that vicinity is not a true criterion by which to ascertain the fair market value of a particular price of property. One farm may sell low and another high, and the average selling price of the two is not the price of either and cannot be applied to any particular farm and henc ethere is no basis for comparison.

4. When the value of land is in issue, evidence of actual sales of other lands and prices for which they are sold, is competent, if they are similar in their situation, relative position and other circumstances relating to value, and such sales are fair and open in the market.

Judgment reversed and cause remanded.

(Funk & Pardee, JJ., concur.)

Attorneys—Weiser & Weimer and J. O. Fritz, Wooster, for Naftzger; W. E. Benoy, Columbus, W. E. Weygandt and D. C. Funk, Wooster, for State.